UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILVOR VARGAS-SEVILLA, ET AL. | CIVIL ACTION |
| VERSUS | NO. 22-5480 |
| K2 INDUSTRIAL SERVS., INC., ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand.[1] Defendants oppose the motion.[2] For the foregoing reasons, the Court denies plaintiffs' motion.

### I. BACKGROUND

This case arises out of a car accident that occurred in New Orleans, Louisiana, on September 13, 2021. That day, defendant Aaron McCullough allegedly collided with a third party's car on the interstate, which caused the third party's car to crash into the car that plaintiff Wilvor Vargas-Sevilla was driving.[3] Plaintiffs allege that McCullough was driving a commercial vehicle owned by K2 Industrial Services, Inc. ("K2"), Joe Johnson Equipment

---

[1] R. Doc. 10.
[2] R. Doc. 11.
[3] R. Doc. 1-2.

1

("JJE"), and/or ARSC Industrial Services, LLC ("ARSC") at the time of the collision.[4]

Vargas-Sevilla and his wife, Donna Silva, brought a negligence claim against McCullough, K2, ARSC, JJE, and ACE American Insurance Company ("ACE"), alleged insurer of McCullough, K2, ARSC, and JJE, in the Civil District Court for the Parish of Orleans.[5] Plaintiffs also named as a defendant "John Doe 1," an entity that they alleged "employed or arranged for K2, ARSC, JJE and McCullough to come to Louisiana to help with the Hurricane Ida aftermath."[6] Plaintiffs alleged that McCullough, K2, ARSC, JJE, and ACE are all foreign citizens, and that John Doe 1 is a domestic corporation.[7]

Defendants McCullough, K2, ARSC, JJE, and ACE removed the case on the basis of diversity jurisdiction.[8] In their notice of removal, defendants contended that plaintiffs' damages exceed $75,000,[9] and that complete diversity exists because plaintiffs are Louisiana citizens and no defendant is a Louisiana citizen.[10] They asserted that because John Doe 1 is a fictitious

---

[4]   *Id.* ¶ 4.
[5]   *Id.* ¶¶ A-E.
[6]   *Id.* ¶ F.
[7]   *Id.* ¶¶ A-F.
[8]   R. Doc. 1.
[9]   *Id.* ¶ III.
[10]  *Id.* ¶ I.

2

entity, its citizenship must be disregarded for purposes of determining jurisdiction.

Plaintiffs moved to remand on the grounds that there is not complete diversity among the parties because John Doe 1 is a citizen of Louisiana.[11] They argue that because defendants cannot establish that John Doe 1 was fraudulently joined, the case must be remanded. Defendants oppose plaintiffs' motion.

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No.

---

[11]   R. Doc. 10-1.

95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Therefore, when a non-diverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332.

## III. DISCUSSION

Under 28 U.S.C. § 1441(b)(1), in "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." It is undisputed that defendants removed this case under section 1332(a), and that "John Doe 1" is a fictitious entity. Under well-

4

settled law, John Doe 1's citizenship is thus irrelevant. *See Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) (according to § 1441(b)(1), fictitious entity named "Unknown Payee could be disregarded for diversity purposes"); *Sistrunk v. Dake Corp.*, No. 13-2983, 2013 WL 6512703, at *1 n.5 (E.D. La. Dec. 12, 2013) ("In determining whether a civil action is removable, the Court disregards the citizenship of defendants used under fictitious names."); *Despanza v. Capital Motor Lines*, No. 22-413, 2022 WL 284119, at *3 (E.D. La. July 1, 2022) ("[M]ultiple sections of this Court have disregarded unnamed or fictitious entities when determining whether there is diversity of citizenship between parties." (collecting cases)).

Accordingly, defendants did not need to "wait[] to identify" the John Doe 1 or show that John Doe 1 was fraudulently joined before removing the case. *Weaver*, 939 F.3d at 624. Removal was proper, and remand is not warranted in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.

New Orleans, Louisiana, this __29th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE