UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILVOR VARGAS-SEVEILLA, ET AL. | * | CIVIL ACTION NO. 22-5480 |
| | * | |
| VERSUS | * | SECTION: "R"(1) |
| | * | |
| K2 INDUSTRIAL SERVICES, INC., ET AL. | * | JUDGE SARAH S. VANCE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Plaintiffs' First Supplemental, Amending, and Restated Petition for Damages. (Rec. Doc. 20). Because the Court finds that the proposed amendment is merely a post-removal attempt to defeat diversity jurisdiction and that plaintiffs would not suffer any undue prejudice if the amendment was not allowed, the Motion for Leave is DENIED.

Background

This lawsuit arises out of three-car accident that occurred on September 13, 2021. Plaintiff Wilvor Vargas-Sevilla alleges that he was driving a 2016 Toyota PK on I-10. He alleges that a commercial vehicle being driven by defendant Aaron McCullough suddenly rear-ended a 2020 Ford Ranger being driven by Russell Merchant, and the Ford Ranger then impacted the rear of Vargas-Sevilla's vehicle. Plaintiffs' original Petition alleged that McCullough's vehicle was owned by K2 Industrial Services, Inc., Joe Johnson Equipment, and/or ASRC Industrial Services LLC. He also alleged that McCullough was in the course and scope of his employment for K2 at the time of the accident, although he further alleged that McCullough was employed by ASRC and Joe Johnson. The original Petition also names an identified John Doe 1 defendant, who is alleged to have "employed or arranged for K2, ARSC, JJE and McCullough to come to Louisiana to help

1

with the Hurricane Ida aftermath." Plaintiffs alleged that the accident was caused by the negligence of K2, ARSC, JJE, John Doe 1, and/or McCullough. Vargas-Sevilla and his wife Donna Sevilla allege that they sustained injuries, medical expenses, and other damages as a result of the accident.

Vargas-Sevilla and Sevilla filed suit against K2, ARSC, JJE, McCullough, John Doe 1, and Ace American Insurance Company on June 27, 2022. Defendants removed on December 27, 2022. Trial is scheduled to begin on November 13, 2023. All discovery must be completed by September 5, 2023. The deadline to file amended pleadings passed on June 1, 2023. On that day, plaintiffs filed the present Motion for Leave to file First Supplemental, Amending, and Restated Petition for Damages.[1]

Plaintiffs seek to identify the previously unidentified "John Doe 1" defendant as Boh Bros Construction, L.L.C. ("Boh Brothers").  They submit that during McCullough's deposition, they learned that he was in New Orleans to work at the direction of Boh Brothers for Hurricane Ida cleanup. Specifically, McCullough testified, "We were actually subcontracting. So Entergy hired another brother outfit from down in New Orleans called Beau Brothers, which in turn hired us as well. So we were working under Entergy and Beau Brothers." (Rec. Doc. 25-3, at 6). He testified further that at the time of the accident, he was driving to Hammond at the direction of Entergy through Boh Brothers. Id. He added that he would typically follow a Boh Brothers truck to every location they went to. Id.  Plaintiffs contend that their amendment is timely and should be allowed because Boh Brothers likely has some fault. They submit that once Boh Brothers is joined, complete diversity will no longer exist and this case must be remanded for lack of subject matter jurisdiction.

---

[1] Plaintiffs' filing was marked deficient by the Clerk of Court. Plaintiffs timely filed a corrected motion.

Defendants oppose the Motion for Leave. They insist that McCullough was in the course and scope of his employment for K2 during the relevant period and that there is no good faith basis to allege that Boh Brothers bears any liability for the accident at issue. They submit that the inclusion of Boh Brothers in this lawsuit is not necessary for plaintiffs to receive complete recovery because K2 has millions of dollars of insurance to cover this claim. They argue that the obvious purpose of the proposed amendment is to destroy diversity and they argue that under 28 U.S.C. § 1447 and the <u>Hensgens</u> factors, the motion should be denied.

Plaintiffs reply that the <u>Hensgens</u> factors need not be considered because Boh Brothers is not a new defendant because it was named in the original lawsuit, although its identity was unknown. They note that the basis for liability of Boh Brothers is similar to the basis for liability of ARSC and JJE, yet those two defendants have not sought to dismiss the claims against them. Even under the <u>Hensgens </u>factors, plaintiffs insist that the amendment should be allowed. They argue their purpose is not to destroy diversity, that they have been diligent, and that they would be prejudiced if they were required to sue Boh Brothers separately in state court.

<u>Law and Analysis</u>

1. *Amendment to Add Non-Diverse Defendant*

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because the Court's decision on a motion for leave to amend to add a non-diverse defendant will affect its jurisdiction over the matter, the Court must "scrutinize that amendment more closely than an ordinary amendment." <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in

avoiding parallel federal/state lawsuits." <u>Williams v. Carmean</u>, No. CIV. A. 99-1095, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." <u>Hensgens</u>, 833 F.2d at 1182.

### 2. *Plaintiffs' proposed amendment*

Because plaintiffs seek to join a non-diverse defendant, the Court considers the proposed amendment under § 1447(e). <u>See Doleac ex rel. Doleac v. Michalson</u>, 264 F.3d 470, 476–77 (5th Cir. 2001) (holding that §1447(e) applies whether a non-diverse defendant is being added or whether a "John Doe" is being identified as a non-diverse defendant). In balancing the defendants' interest in maintaining this forum and the plaintiffs' interest in avoiding parallel litigation, the Court turns to the <u>Hensgens</u> factors.

First, the Court finds that the purpose of the amendment is to defeat federal jurisdiction. Boh Brothers is not McCullough's employer, nor is it adequately alleged to be.[2] McCullough testified that Entergy and Boh Brothers directed him to the location to which he was driving when the accident at issue here occurred. This is, apparently, the sole basis for potential liability of Boh Brothers. Plaintiffs do not point to any facts that could support finding Boh Brothers vicariously liable. Nor do they allege any facts that support any negligence by Boh Brothers with regard to the

---

[2] Plaintiffs allege that McCullough was in the course and scope of his employment at K2 "and on a mission" for Boh Brothers. Proposed Amended Complaint, Rec. Doc. 20-3, at ¶ 2(C). They do make three equivocal statements that McCullough was "in the course and scope of his employment with K2 and/or Boh Bros.," that Boh Brothers "employed or arranged for K2, and McCullough to come to Louisiana," and that McCullough was operating the commercial vehicle in the course and scope of his employment with K2 and Boh Bros." <u>Id.</u> at ¶¶ 2(B), 2(D), 4. But considering that plaintiffs have now deposed McCullough and that his testimony and discovery responses reveal that he was employed by K2, the Court will not give determinative weight to the unsupported suggestion that Mr. McCullough was employed by Boh Brothers in assessing the purpose of the amendment.

car accident at issue here. They argue merely that they "believe that Boh Bros Construction Co. L.L.C. , likely has some fault." They claim, without citation to any legal authority, that they have "demonstrably legitimate claims against non-diverse defendants." However, the basis for liability of Boh Brothers is thin, at best. Further, plaintiffs do not contest the defendants' claim that there is more than sufficient insurance coverage to make them whole for any damages they may be entitled to. With a flimsy legal theory and no need for Boh Brothers' money, the Court must conclude that the purpose of the amendment is to defeat diversity jurisdiction. This factor weighs in favor of denying leave to amend.

The Court next considers whether plaintiffs have been dilatory in asking for amendment. The Court finds that they have not. They did not learn of Boh Brothers' identity until May 25, 2023, and filed this motion on June 5, 2023. This factor weighs in favor of allowing the amendment.

The next factor is whether plaintiffs will be injured if the amendment is not allowed. Because the theory of liability is attenuated at best and there is sufficient insurance coverage to compensate plaintiffs for any damages they may be entitled to, the Court finds they will not suffer any undue prejudice if their motion is denied. This factor weighs in favor of denying leave to amend.

Considering all the <u>Hensgens</u> factors together, the Court finds that the proposed amendment to name Boh Brothers as a defendant to destroy diversity jurisdiction is not appropriate.

<u>Conclusion</u>

For the foregoing reasons, plaintiffs' Motion for Leave to Amend is DENIED.

New Orleans, Louisiana, this 13th day of July, 2023.

Janis van Meerveld
United States Magistrate Judge